## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN TURNER,<br><br>        Petitioner,<br><br>    v.<br><br>JEFFREY CHIESA, et al.,<br><br>        Respondents. | Civil Action No. 12-5224 (JBS)<br><br>**OPINION** |

**APPEARANCES:**

    JUAN TURNER, #639531C
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625
        *Petitioner Pro Se*

    ESSEX COUNTY PROSECUTOR
        by:  Lucille M. Rosano, Esq.
    50 West Market Street
    Newark, New Jersey 07102
        *Attorneys for Respondents*

**SIMANDLE, Chief Judge**

Juan Turner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction filed in the Superior Court of New Jersey, Law Division, Essex County, on September 27, 2004.  In an Order and accompanying Opinion entered on August 31, 2015, this Court dismissed the Petition with prejudice and denied a certificate of appealability.  Presently before this Court is Petitioner's motion to file a notice of appeal as within time.  The principal issue presented is whether this Court may enlarge the time for

appeal in this civil case where the prisoner petitioner did not receive the Court's Order until 63 days after it was entered through no fault of his own, and where he filed this motion to permit the appeal 17 days after receiving the Order. Unfortunately, such relief is precluded by 28 U.S.C. 2107(c) and Fed. R. App. P. 4()(a)(6), and this Court must deny the motion.

## I.   BACKGROUND

By Opinion and Order entered on August 31, 2015, this Court dismissed the § 2254 Petition and denied a certificate of appealability.  (ECF Nos. 29, 30.)  The Clerk mailed the Order and Opinion to Petitioner at the address listed on the docket, which included the correct name and prisoner identification number and the correct prison and city (New Jersey State Prison at Trenton) but the wrong zip code.[1]  (ECF No. 31 at 7.) Petitioner maintains that he did not receive the Court's August 31, 2015, Order and Opinion until November 3, 2015.  Seventeen (17) days later, on November 19, 2015, Petitioner signed and

---

[1] Petitioner has been incarcerated at New Jersey State Prison in Trenton, New Jersey, since he filed the Petition in 2012. Although the zip code in the return address of the envelope containing the Petition is the proper zip code of 08625, the Clerk placed the zip code of 07101 on the docket.

presumably handed the following documents to prison officials for mailing to the Clerk:  a motion for leave to file an appeal as within time, a certification in support of motion, an application for a certificate of appealability, certification of service, and cover letter.  (ECF No. 31.)  In his certification supporting the motion, Petitioner avers that for the past six months prison officials have delayed or confiscated his incoming mail.  He avers that "[o]n November 3, 2015, I received by mail & signed for the opinion from the District Court denying my Petition for Habeas Corpus dated August 31, 2015."  (ECF No. 31 at 4.)  Attached to the certification is a receipt issued by an official at New Jersey State Prison indicating that on November 3, 2015, the official delivered legal mail, dated or postmarked October 31, 2015, from the United States District Court to Petitioner.  (ECF No. 31 at 10.)  A photocopy of this Court's original mailing envelope, however, bears the postage meter date of mailing as August 31, 2015, the same date as when the Opinion and Order were entered on the docket.  The cause for the two month delay in delivery to Petitioner, from August 31, 2015 to November 3, 2015, cannot be determined with certainty –– it may be due to the misaddressed zip code, or to delay within the Trenton State Prison, or both.  Petitioner asks this to grant

3

"leave to file Notice of Appeal As Within Time."  (ECF No. 31 at 2.)

## II.  DISCUSSION

Section 2107(a) of Title 28 of the United States Code establishes the time limit for filing a notice of appeal in a civil case:  "Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree."  28 U.S.C. § 2107(a); see also Fed. R. App. P. 4(a)(1)(A) ("[T]he notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered").

Section 2107(c) of the statute authorizes this Court, "upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, [to] extend the time for appeal upon a showing of excusable neglect or good cause."  28 U.S.C. § 2107(c).  Consistent with § 2107(c), Appellate Rule 4(a)(5) authorizes this Court to extend the time to file a notice of appeal if the party "so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and the party shows excusable neglect or good cause.  Fed. R. App. P.

4

4(a)(5)(A)(i) and (ii).  In this case, the Court may not extend the time for Petitioner to file a notice of appeal under § 2107(c) and Appellate Rule 4(a)(5) because Petitioner did not file the present motion within 60 days of the date the Clerk entered the Order.[2]

Section 2107(c) also permits this Court to reopen the time for appeal for a period of 14 days, but only if the motion to reopen the time to appeal is filed "within 180 days after entry of the judgment or order or within 14 days after receipt of such notice, whichever is earlier[.]"  28 U.S.C. § 2107(c).[3]  Consistent with § 2107(c), Appellate Rule 4(a)(6) provides:

---

[2] As this Court's Order dismissing the Petition was a document separate from its Opinion, the Order was entered for the purposes of Appellate Rule 4 on August 31, 2015.  See Fed. R. App. P. 4(a)(7)(A)(ii).  The 30-day time limit to appeal under § 2107(a) and Appellate Rule 4(a)(1)(A) expired on September 30, 2015.  The additional 30-day limit of § 2107(c) and Appellate Rule 4(a)(5)(A)(i) for Petitioner to file his motion to extend the time for appeal expired on October 30, 2015, but Petitioner did not hand his motion to prison officials for mailing to the Clerk until November 19, 2015.

[3] Section 2107(c) authorizes a court to reopen the time to appeal as follows:

> [I]f the district court finds—
>
> (1) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and

5

    (6) **Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

    (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

    (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

    (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Binding precedent construing § 2107(c) and Appellate Rule 4(a)(6) indicates that the 14-day period at issue here is jurisdictional and cannot be enlarged.

---

    (2) that no party would be prejudiced,

    the district court may, upon motion filed within 180 days after entry of the judgment or order or within 14 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

28 U.S.C. § 2107(c).

In Bowles v. Russell, 551 U.S. 205 (2007), Bowles filed a motion on December 12, 2003, to reopen the time to appeal an order denying his habeas petition. On February 10, 2004, the District Court granted the motion and extended the time to appeal for 17 days. Bowles filed his notice of appeal on February 26, 2004 – within the 17 days permitted by the District Court's order, but after the 14-day period allowed by § 2107(c) and Appellate Rule 4(a)(6) had expired. The Supreme Court held that the time limits set forth in § 2107(c) and Appellate Rule 4 are jurisdictional and "Bowles' failure to file his notice of appeal in accordance with the statute therefore deprived the Court of Appeals of jurisdiction." Id. at 213. In addition, the Court held that because the timely filing of a notice of appeal in a civil case is a jurisdictional requirement, courts have "no authority to create equitable exceptions" to the limits set forth in § 2107(c). Id. at 214.

The Third Circuit applied Bowles in Baker v. United States, 670 F.3d 448 (3d Cir. 2012). In Baker, the District Court dismissed Baker's case for personal injuries against prison officials on July 11, 2006. Although Baker had notified the Clerk that he had been moved from FCI Lisbon to USP Lewisburg by letter dated December 28, 2005, the Clerk failed to docket the

7

letter or enter the address change on the docket until February 9, 2007.  Accordingly, the Clerk mailed the July 11, 2006, order of dismissal to Baker at the wrong prison.  On January 31, 2007, Baker sent a letter to the District Court explaining that he found out that the court had dismissed his case when he obtained a copy of the docket sheet; he asked the Clerk's Office to send him the order, but the office didn't send him the order until January 7, 2008.  Without a copy of the order, on May 31, 2007, 323 days after entry of the dismissal order and well beyond the 180-day outer limit imposed by § 2107(c), Baker filed a motion which the court construed as a motion to reopen the time to file an appeal.  Baker argued that the court should apply Houston v. Lack, 487 U.S. 266, 276 (1988), wherein the Supreme Court deemed a notice of appeal to be "filed" at the time petitioner delivered it to the prison authorities for forwarding to the court clerk.  He argued that  the Third Circuit should deem the dismissal order to be "entered" on the date he received the order, i.e., January 7, 2008.

    The Third Circuit held that "Baker's failure to comply with the requirement that his motion to reopen be filed within the earlier of 180 days after the judgment or order is entered, or within [14] days after his receipt of notice of the Dismissal

8

Order was fatal" to his motion.  Baker, 670 F.3d at 456.  The Third Circuit further held that it could not exclude the time allegedly attributable to delays caused by prison officials by construing "entry" under § 2107 and Appellate Rule 4(a)(6) to mean the date Baker received the order.  The Third Circuit reasoned that, if the court construed "entry" as "receipt," then "[n]o pro se prisoner would ever run up against [the 180-day] limit because the earlier of the two situations listed above would always be fourteen days after receipt of notice of the order, and no pro se prisoner would ever reach 180 days before the 14-day period expired."  Id. at 458.

     The holdings in Bowles and Baker preclude this Court from granting Petitioner's motion.  The Order dismissing the Petition was entered on August 31, 2015.  The 180-day from entry limit under Appellate Rule 4(a)(6)(B) will not end until February 27, 2016, but unfortunately the 14 days from receipt limit expired on November 17, 2015, 14 days after Petitioner received the Order on November 3, 2015.  Since § 2107(c) and Appellate Rule 4(a)(6)(B) required Petitioner's motion to be filed by the earlier date of November 17, 2015, the motion is untimely by two days, as Petitioner did not hand it to prison officials for mailing to the Clerk until November 19, 2015.  Because the

9

motion is untimely under § 2701(c) and Appellate Rule 4(a)(6)(B), this Court lacks jurisdiction to reopen the time for Petitioner to file an appeal. See Bowles, 551 U.S. 210-14; Baker, 670 F.3d at 455-58. Thus, the window for filing this motion to reopen the time for appeal, which was open by statute for 14 days after he received the final order, closed again two days before he submitted this motion. This Court lacks jurisdiction to reopen that window again, even where the original mailing to the Petitioner was delayed by an error in the address or delay within the prison.

## IV. CONCLUSION

The Court will deny Petitioner's motion. An appropriate Order accompanies this Opinion.

s/ Jerome B. Simandle  
**JEROME B. SIMANDLE**  
**Chief U.S. District Judge**

Dated: January 29, 2016